## JOHN HARNIT

### *v.*

## WILLIAM THOMPSON *et al.*

1. INSTRUCTIONS—*must be relevant.* In this case the fourth instruction given for the defendant, to the effect, that the widow may, in all cases, retain possession of the house in which her husband usually dwelt, next before his death, was wholly irrelevant, and tended to mislead the jury.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. CHARLES EMERSON, Judge, presiding.

This was an action for trespass, brought by one Harnit, against Thompson, Atwood and Bentley, in the court below, for the removal of a house from the land of the plaintiff, without his consent. The proof showed that the house in question had been built by one Allaback, when in possession of the land, under a contract of purchase from Harnit; that afterward, Allaback died, without paying for the land, either in

part or in whole, and his widow and family abandoned the land, and that Harnit took possession, and Atwood entered, as the tenant of Harnit. In the absence of Harnit, Thomson, Atwood and Bentley went upon the premises, and although ordered to desist, by the wife of Harnit, removed the house on the premises, then in the possession of Harnit.

On the trial of the cause in the court below, the defendants asked the court to instruct the jury, that the widow may, in all cases, retain full possession of the dwelling house in which her husband most usually dwelt, next before his death, together with the out-houses and plantation thereto belonging, free from molestation and rent, until her dower be assigned ; and that the court, also, instruct the jury, that a contract in writing for the sale of the land, vests an equitable title to the land, in the purchaser, or his heirs, which can only be taken from them by due course, or by their consent, which instructions were given to the jury.

The plaintiff brings the cause to this court, and insists that these instructions were irrelevant, and tended to mislead the jury, and claims, for that reason, among others, that the judgment of the court below should be reversed.

Messrs. COLER & SMITH, for the plaintiff in error.

Mr. J. O. CUNNINGHAM, for the defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

We are inclined to the opinion, that the verdict in this case, is against the evidence, though probably not so clearly so as to justify a reversal on that ground alone. But the fourth instruction, given for the defendant, to the effect that the widow may, in all cases, retain possession of the house in which her husband usually dwelt, next before his death, was wholly irrelevant, and tended to mislead the jury. There was no

pretense that the defendant, Henry H. Atwood, was in possession, under the widow of Allaback, or acting by her authority, or that there was any connection between her and the alleged trespass. Yet we can only explain the verdict by supposing that the jury imagined, from this instruction, if Mrs. Allaback was entitled to the possession of the house, the plaintiff was not entitled to damages for its removal. Such, however, was not the case. The plaintiff was in possession by his tenant, and if he recovers damages, and the representatives of Allaback shall hereafter claim a right to complete the payment on their contract of purchase, the equities between the parties will be adjusted, and any damages recovered in this proceeding, taken into the account.

The fifth instruction for the defendant, was also irrelevant, and should not have been given. The judgment must be reversed and the cause remanded.

*Judgment reversed.*